# GINSBERG & WOLF, P.C.

Attorneys at Law
225 Broadway, Suite 3105
New York, NY 10007

212-227-0640
212-608-1660
Fax: 212-227-4228

Email: thefirm@ginsbergwolf.com
Web: www.ginsbergwolf.com

ROBERT M. GINSBERG
MARTIN WOLF*

Of Counsel
JOSEPH R. ERAZO
ROBERT MIZRAHI*°

\* Also admitted in NJ
° Also admitted in PA & CT

[ ] *If Checked, Please Respond to:*

Brooklyn Office:
2917 Avenue J, 2nd Floor
Brooklyn, New York 11210
718-266-1300
Fax: 718-228-5607

March 21, 2013

**Facsimile (612) 664-5487**
schiltz_chambers@mnd.uscourt.gov
Hon. Patrick J. Schiltz
United States District Court
For the District of Minnesota
14 E. U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   Blue Cross Blue Shield of Minnesota v. Sally Laura Hyman, et. al
      USDC D. Minn. Case No.: 0:13-cv-00530-PJS-SER

Dear Judge Schiltz:

We have received a facsimile from Lawrence & Russell, PLC concerning what they claim is an Order from Your Honor. I am annexing the covering letter as well as a copy of the Order.

Concerning the fax:

1.   The Order is not signed (the signature is typed);

2.   There is no certification; and

3.   The Order makes no sense.

I therefore assume that the most likely explanation is that the Order is non-existent and has been printed by the law firm of Lawrence & Russell, PLC. Since it is not printed on a court document – merely has a caption and a case number – this is certainly possible.

In addition, considering the behavior of Lawrence & Russell, PLC – particularly their inventing things – that simply reinforces my belief.

The thing that has persuaded me – is the interesting fact that although Blue Cross Blue Shield is apparently domiciled in Minnesota and I assume has attorneys in

**GINSBERG & WOLF, P.C.**

Blue Cross Blue Shield of Minnesota v. Sally Laura Hyman, et. al
USDC D. Minn. Case No.: 0:13-cv-00530-PJS-SER
March 21, 2013
Page 2

Minnesota, a Minnesota law firm is not being used. In reviewing some of the papers it seems that the law firm of Lawrence & Russell, PLC is actually based in Tennessee and the members of that firm are admitted *pro hac vice*. Apparently the lead counsel Mr. Stephens is applying to be admitted *pro hac vice*.

On the other hand there is local counsel in Minnesota apparently one Eric G. Nasstrom, Esq.

This gets me to ask why would they hire an out-of-state attorney to represent them in Minnesota when they have local counsel. The answer is too obvious. It is that the Order is not real, or if there are any, to use a gentle word, misstatements contained in any of their papers the lawyers are not available for disciplinary action in your State.

Of course there is another possibility, which is that they completely fooled Your Honor. In particular the claim that this is an ERISA plan is not accurate. Laura Hyman actually pays her own premiums – even though the check is made out by her firm. Therefore the case should be dismissed out of hand.

In addition the complaint/request for a preliminary injunction, etc. had the most elementary misstatement of facts. In fact when we were served with the supposed injunction, etc. <u>the money had already been distributed to Laura Hyman</u>. Thus 90% of what was stated in the complaint and request for a preliminary hearing, etc. was false.

It also turned out that much of the problem had to do with the filing system in the District Court in Minnesota. The system was electronic filing <u>but the clerk only accepted electronic filing from an attorney admitted in Minnesota</u>.

Although I am admitted in the Southern District and Eastern District of New York; the Second Circuit Court of Appeals; and even in the Supreme Court of the Untied States – and have been admitted in all of them for over forty years – I obviously am not admitted in Minnesota. Therefore none of the papers, which we attempted to file were accepted for filing.

<u>This explains why Your Honor's decision – whether it is yours or is fraudulently attributed to you indicates that there was no opposition.</u>

I am sending in a separate overnight mail all of the papers which we attempted to file. The reason I am not sending them at the same time is that I was worried that if they came at the same time Your Honor might read those first, and not continue to read since I assume Your Honor is a busy jurist.

**GINSBERG & WOLF, P.C.**

Blue Cross Blue Shield of Minnesota v. Sally Laura Hyman, et. al
USDC D. Minn. Case No.: 0:13-cv-00530-PJS-SER
March 21, 2013
Page 3

Your Honor will see that (1) we deny that this is an ERISA Plan; (2) we deny that the money had not been distributed at the time we were served with the injunction; and (3) defendants deny that Blue Cross and Blue Shield is entitled to the money.

I am sending the documents we attempted to file in a separate envelope, which included the letter which we sent to Blue Cross Blue Shield about two years ago explaining that under the law they had no right of recovery and citing some cases. (I have not included the cases). The letter also invited Blue Cross Blue Shield – if they disagreed to bring either a lawsuit or to intervene in our lawsuit giving them the index number, etc. <u>Nothing was heard until this rush in the last couple of weeks</u>.

Based on all of the above in addition to the motion to dismiss we have brought a counterclaim for substantial damages for harassment against Blue Cross Blue Shield. While I am not someone who frightens easily – Your Honor can imagine the poor plaintiff Laura Hyman being on pins and needles for the last couple of weeks due to this outrageous misattempt to miscarry justice.

Of course a major misstatement, to repeat what I said earlier, is that there was a hearing and that the requests, motions, complaints, of Blue Cross Blue Shield was unopposed. The Clerk refused to accept the opposition.

Therefore: (1) we do not believe that this injunction is real; and (2) if it is real, to some extent, it is clear that it is based on total misinformation contained in the file at the time it was signed and/or verbal statements made by Mr. Stephens or his associate. In addition, to repeat, there is a counterclaim and a request to change venue. If that request is denied we shall bring a claim in New York State against Blue Cross Blue Shield since all of the venue in this action should really be in New York where the injury occurred; where the expenses were incurred; and where the letters/requests to Blue Cross Blue Shield were made requesting reimbursement for medical.

To conclude, in the absence of a signed certified order – which contains a sentence to the effect that the Court has read the papers which were not filed but which will now be filed – we shall not be making any payments into the District Court in Minnesota.

Respectfully submitted,

Robert M. Ginsberg

RMG/rm
Enclosure

**GINSBERG & WOLF, P.C.**

Blue Cross Blue Shield of Minnesota v. Sally Laura Hyman, et. al
USDC D. Minn. Case No.: 0:13-cv-00530-PJS-SER
March 21, 2013
Page 4


P.S.   I am certainly sorry that Your Honor was dragged into this improper lawsuit by Blue Cross Blue Shield


cc:   Eric G. Nasstrom, Esq.
      MORRISON SUND PLLC
      5125 Country Road 101, Suite 210
      Minnetonka, MN 55345

      J. Matthew Stephens, Esq.
      Lawrence & Russell, PLC
      5178 Wheelis Drive
      Memphis, TN 38117

# lawrence&russell
### attorneys

March 18, 2013

**VIA FACSIMILE (212) 227-4228 and (718) 228-5607**

Robert M. Ginsberg
Ginsberg & Wolf, P.C.
225 Broadway, Suite 3105
New York, NY 10007

Re: *Blue Cross Blue Shield of Minnesota v. Sally Laura Hyman, et al.*
U.S. Dist. Ct. of Minn. Case No. 0:13-cv-00530-PJS-SER
Order Granting Motion for Preliminary Injunction

Dear Mr. Ginsberg:

Please find attached a courtesy copy of the Order Granting Motion for Preliminary Injunction.

Sincerely,

LAWRENCE & RUSSELL, PLC

*[signature]*

Eileen Kuo
Phone: (901) 202-4427
Facsimile: (901) 844-4435
eileenk@lawrencerussell.com

Enclosures

CASE 0:13-cv-00530-PJS-SER   Document 25   Filed 03/15/13   Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLUE CROSS BLUE SHIELD OF MINNESOTA, | Case No. 13-CV-0530 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| SALLY LAURA HYMAN; ROBERT M. GINSBERG; GINSBERG & WOLF, P.C., | |
| Defendants. | |

Plaintiff Blue Cross Blue Shield of Minnesota ("Blue Cross") brings this action against defendants Sally Laura Hyman, Robert M. Ginsberg, and Ginsberg & Wolf, P.C., to recover $29,630.75 in medical benefits paid to Hyman or on Hyman's behalf as a result of a slip-and-fall accident that occurred on or about September 18, 2009. Under the terms of the RBC-USA Health and Welfare Benefit Plan ("the Plan") pursuant to which Blue Cross paid that money, Hyman is obligated to refund all benefits paid by Blue Cross should she recover money from a third party in connection with the event that caused those benefits to be paid. Compl. ¶ 11 [ECF No. 1]. Blue Cross alleges that Hyman settled legal claims against the parties responsible for her injuries for approximately $225,000, and that some or all of those settlement funds have been disbursed to defendants. Id. ¶¶ 12-14; Mem. in Supp. at 2 [ECF No. 13]. Blue Cross further alleges that, under the terms of the Plan, Blue Cross has a lien against $29,630.75 of the settlement funds disbursed to defendants -- a lien that attached as soon as the parties responsible for Hyman's injury agreed to pay her $225,000 in settlement of her claims.

On March 7, 2013, Blue Cross moved for a temporary restraining order ("TRO") against defendants, seeking to enjoin them from disposing of any portion of the disputed settlement funds under their control. ECF No. 11. The Court granted Blue Cross's motion for a TRO the following day. ECF No. 18. The Court's order — as well as Blue Cross's motion for a preliminary injunction and supporting papers — were served on defendants on the afternoon of March 11. ECF Nos. 19-22.

Blue Cross now moves for a preliminary injunction against defendants, seeking to enjoin them from disposing of the $29,630.75 of the settlement funds that is allegedly subject to a lien of Blue Cross. The Court's order granting Blue Cross's motion for a TRO directed defendants to file a written response to Blue Cross's preliminary-injunction motion by 5:00 p.m. on March 12. Defendants violated the Court's order by failing to file any response to Blue Cross's motion. In the same order, the Court also directed defendants to appear in person or through counsel at a hearing on Blue Cross's motion scheduled for March 15, 2013, at 9:30 a.m. Again, defendants violated the Court's order by failing to appear as directed.

Defendants have not formally appeared in this action or even had informal communications with the Court. Defendants have not, for example, asked for more time to respond to Blue Cross's motion, asked that the hearing be rescheduled, or notified the Court that they opposed Blue Cross's motion. The Court therefore deems Blue Cross's motion to be unopposed. At the hearing, however, Blue Cross agreed to narrow its motion to seek a preliminary injunction only against Hyman (and not against the other two defendants). The Court will grant the motion as modified.

-2-

CASE 0:13-cv-00530-PJS-SER   Document 28   Filed 03/22/13   Page 8 of 8
3/18/2013 4:39 PM   FROM: Lawrence Russell   TO: 17182285607   PAGE: 005 OF 005

CASE 0:13-cv-00530-PJS-SER   Document 25   Filed 03/15/13   Page 3 of 3

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Blue Cross Blue Shield of Minnesota's motion for a preliminary injunction [ECF No. 11] -- as narrowed at the March 15, 2013 hearing -- is GRANTED.

2. Defendant Sally Laura Hyman is ORDERED to immediately retain and set aside $29,630.75 of the settlement proceeds that she received in connection with legal claims that she brought to recover for injuries suffered in an accident that occurred on or about September 18, 2009.

3. Defendant Sally Laura Hyman is ORDERED to pay the $29,630.75 that she retains and sets aside pursuant to paragraph 2 of this order to the Clerk of the United States District Court for the District of Minnesota. Hyman must pay those funds no later than March 25, 2013. Those funds will be held in an interest-bearing account pending the outcome of this lawsuit.

4. Plaintiff Blue Cross Blue Shield of Minnesota is ORDERED to personally serve a copy of this order on defendant Sally Laura Hyman as soon as possible.

5. Plaintiff Blue Cross Blue Shield of Minnesota is ORDERED to post a bond with the Clerk of Court in the amount of $1,000 no later than March 25, 2013.

Dated: March 15, 2013

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge