UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLUE CROSS BLUE SHIELD OF MINNESOTA, | Case No. 13-CV-0530 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR ADMISSION PRO HAC VICE |
| SALLY LAURA HYMAN; ROBERT M. GINSBERG; GINSBERG & WOLF, P.C., | |
| Defendants. | |

Defendant Robert M. Ginsberg has filed a motion for admission pro hac vice in this matter. Ginsberg is an attorney and a named defendant, and thus he can represent himself whether or not he is admitted pro hac vice. But, because Ginsberg is not a member of the bar of this Court, he cannot represent his co-defendants — Sally Laura Hyman and Ginsberg & Wolf, P.C. — unless he is admitted pro hac vice. *See* D. Minn. L.R. 83.5(a)(2).

Ginsberg's motion is denied, for two reasons:

First, Ginsberg's motion was not filed in compliance with the Local Rules of this District. In order to be admitted pro hac vice, Ginsberg must "associate with an active member of the court's bar." D. Minn. L.R. 83.5(d)(2). Ginsberg has not done so. Moreover, in order for Ginsberg to be admitted pro hac vice, "[a] member of the court's bar must move for [Ginsberg's] admission pro hac vice." D. Minn. L.R. 83.5(d)(3). No member of the Court's bar has moved for Ginsberg's admission; instead, Ginsberg has moved for his own admission. Finally, the motion must be accompanied by payment of the admission fee and otherwise meet the

requirements of Local Rule 83.5(d)(3). Ginsberg's motion was not accompanied by a fee and did not meet all of the other requirements of Local Rule 83.5(d)(3).

Ginsberg says that he is not going to pay a fee because "the Clerk will not file." ECF No. 56-2 at 1. This is false — the Clerk has, in fact, filed everything submitted by Ginsberg — and it is beside the point. Ginsberg also avers that he does "not know any attorneys in the State of Minnesota" and that "this is a case involving $29,000, which scarcely justifies a huge investment on my part." ECF No. 56-1 at 1. These averments are also beside the point. Local Rule 83.5 does not make exceptions for attorneys who do not know members of this Court's bar or for cases involving only $29,000.

Second, even if a member of the Court's bar had moved for Ginsberg's admission pro hac vice in compliance with Local Rule 83.5(d), the Court would deny the motion. An attorney who is admitted pro hac vice, like any other attorney, must read and follow the Local Rules of this District, and must comply with the Minnesota Rules of Professional Conduct ("MRPC"). *See* D. Minn. L.R. 83.6(d). Since he was served with the complaint on March 11, 2013, Ginsberg has submitted a steady streams of letters and other papers to the Court and to the undersigned; in those papers, Ginsberg time and again has demonstrated that he is unwilling or unable to follow the Local Rules of this District. Moreover, the Court has serious doubts about Ginsberg's willingness or ability to follow the MRPC, which in their preamble provide that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials," Minn. R. Prof'l Conduct at 3, and that a lawyer should "maintain[] a professional, courteous, and civil attitude toward all persons involved in the legal system," *id*. at 4. Ginsberg's letters to the Court have been anything but "professional, courteous,

and civil"; to the contrary, they have been extraordinarily intemperate and insulting and have, without any basis whatsoever, accused opposing counsel of criminal fraud, accused the undersigned of incompetence and judicial misconduct, and accused this District of corruption. *See* ECF Nos. 28, 46, & 50. Ginsberg has demonstrated through his conduct precisely why Local Rule 83.5(d)(2) requires an active member of this Court's bar to "associate with" an out-of-state attorney who wishes to be admitted pro hac vice and to "participate in the preparation and presentation of the case."

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Motion for Admission Pro Hac Vice of Robert M. Ginsberg [ECF No. 56] is DENIED.

Dated: April 9, 2013         s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge